HAROLD TAYLOR *vs.* RICHARD C. MURDOCK.

Suffolk.    January 11, 1927. — January 11, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Requests, rulings and instructions, Judge's charge.

Requests for rulings not applicable to the evidence properly may be denied.
One injured by being run into by a motor truck brought separate actions
against two men who were aboard it, in each action alleging that the
defendant therein was driving the truck, and making no allegation as to
agency. It appeared that but one of the defendants was driving, and
there was no evidence that he was an employee of the other. The
judge instructed the jury in substance that they could find only against
the defendant who was driving, and could find against him only if he
were negligent. The jury found for both defendants. The plaintiff
alleged exceptions in the action against the defendant who was not
driving. *Held,* that the instructions to the jury were proper.

TORT for personal injuries. Writ dated January 9, 1925.

The declaration contained allegations that the defendant
"so negligently and unskillfully drove a motor vehicle in a
public highway . . . that by reason thereof the said motor
vehicle struck the plaintiff." There was no allegation that
a servant or agent of the defendant was driving the truck.

The action was tried before *Hammond,* J., together with
an action by the plaintiff against one Coleman. The evi-
dence was that Coleman was driving the truck and that both
he and the defendant were aboard, the defendant giving
directions as to the route. Answers by the defendant to
interrogatories were to the effect that he had a contract with
Coleman to do trucking for him. The plaintiff asked for
and the judge refused to give the following rulings:

"3. If the jury find that the defendant Coleman was
driving the truck at the time of the collision and that the
defendant Murdock was in control of the truck at the time,
the defendant Murdock is liable for the negligent act of the
defendant Coleman.

"4. If the defendant Coleman was driving the truck
negligently at the time of the collision the defendant Mur-
dock is liable even though the defendant Coleman was an

independent contractor, if the defendant Murdock retained active control and supervision of the work, if the plaintiff was in the exercise of due care."

The judge instructed the jury that "You will see, therefore, that the claim made is a claim that the defendant drove his motor vehicle so negligently on this public highway that he ran into the plaintiff; that is, that the defendant Richard C. Murdock did it. The declaration in the other case, against Coleman, is precisely the same thing, except that the claim is that Coleman drove the automobile. Of course, they can't both be true. Two people cannot drive an automobile. It was either one or the other. . . . The thing for you to keep your eye on is the particular claim in the case. The claim in one case is that Murdock drove the automobile and in the other case that Coleman drove the automobile. You must also observe that the claim is based upon the claim that whoever drove the automobile was negligent and drove it negligently. . . . If you find that there was no negligence on the part of the person who drove the automobile — drove the Ford truck, then both defendants are entitled to a verdict. If you find that Mr. Coleman drove the truck and that he was negligent and that the boy was not negligent and that the accident was due solely to Mr. Coleman's negligence, then the boy is entitled to fair compensation for his injury."

The jury found for the defendant in each action. The plaintiff alleged exceptions in the action against Murdock.

*J. L. Murphy*, for the plaintiff.

*J. A. Post*, for the defendant.

BY THE COURT. There is no evidence in this record to justify a finding that the defendant was driving the truck by the operation of which the plaintiff was injured or that the driver of the truck was the agent or servant of the defendant in driving the truck. Hence the requests for rulings were inapplicable to the evidence. The portions of the charge to which exceptions were taken were adapted to the evidence. Moreover this case was tried together with one arising out of the same facts against the driver of the truck, and a verdict was returned for the defendant in each case.

*Exceptions overruled.*